UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LEE McCULLOM,<br><br>        Plaintiff,<br><br>    v.<br><br>STEVEN MOORE, *et al.*,<br><br>        Defendants. | Case No. 2:21-cv-00633-WBS-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 6<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION THAT IT BE DISMISSED, OR<br><br>(2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 5<br><br>THIRTY-DAY DEADLINE |

Plaintiff, a county inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983, raises numerous, unrelated violations of his constitutional rights against several defendants and, thus, his complaint cannot proceed. I will give plaintiff one more chance to amend his complaint before recommending that it be dismissed. I will also grant plaintiff's application to proceed *in forma pauperis*. ECF No. 6.

1

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions will not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Discussion**

The complaint cannot proceed past screening because it fails to comply with Rule 8; it raises several unrelated claims, names immune defendants, and includes frivolous allegations.

Rather than submitting a "short and plain statement" of his claims, plaintiff has filed a complaint consisting of more than 80 pages of dense, hand-written allegations, much of which is

1    illegible.  *See* Fed. R. Civ. P. 8; *see generally* ECF No. 1.  Additionally, the organization of the
2    complaint makes it difficult to follow.  The claims have little to no factual context and the
3    complaint is not subdivided by claim or defendant.  Several documents are attached—the
4    complete filing runs 175 pages—but never referenced in plaintiff's allegations.  A defendant, if
5    served with this complaint, could not reasonably be expected to understand the claims against him
6    or her.  If plaintiff files an amended complaint, he should take pains to ensure that it is organized,
7    written legibly, and that it contains a short and plain statement describing his claims and the
8    actions of each defendant.

9          The complaint also contains several unrelated claims against more than one defendant.
10   Although a plaintiff can assert any number of unrelated claims against any single defendant, he
11   does not have an unfettered right to join different defendants in a single lawsuit for unrelated
12   events.  *Compare* Fed. R. Civ. P. 18(a) (joinder of claims), *with* Fed. R. Civ. P. 20(a) (joinder of
13   parties).  Rule 20(a) provides that all persons can be joined in one action as defendants if "any
14   right to relief is asserted against them jointly, severally, or in the alternative with respect to or
15   arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any
16   question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P.
17   20(a)(2).

18         For example, plaintiff claims that he did not receive prescribed medicine at Santa Rita
19   County Jail, that several members of the Alameda County District Attorney's and Public
20   Defender's Offices framed him for first degree murder, and that Alameda County Superior Court
21   Judge Paul Delucchi conspired against him.  ECF No. 5 at 7-9.  These claims cannot proceed in a
22   single action.

23         Plaintiff also raises claims against several defendants who are immune from suit under
24   § 1983.  Specifically, he alleges that Alameda County District Attorneys, Public Defenders, and
25   Judge Delucchi violated his constitutional rights during a criminal trial.  *Id.* at 7-12.  A prosecutor
26   has absolute immunity from § 1983 liability for "initiating a prosecution and in presenting the
27   State's case . . . ."  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), and although public defenders
28   are not entitled to immunity, it is well-established that a public defender is not a person who acts

1  "under color of law" within the meaning of § 1983, *Polk Cnty. v. Dodson*, 454 U.S. 312, 325

2  (1981).  When a public defender is "performing a lawyer's traditional functions as counsel to a

3  defendant in a criminal proceeding," a § 1983 claim does not lie.  *Id.*  And judges hold immunity

4  when acting in their judicial capacity.  *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.

5  1986).

6         Finally, several of the claims appear to be frivolous in that they lack even "an arguable

7  basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (holding that a complaint is

8  frivolous if its "factual contentions are clearly baseless," "fantastic," or "delusional").  For

9  instance, plaintiff claims that the Ku Klux Klan has been illegally collecting his DNA to place it

10  at crime scenes.  ECF No. 5 at 26-27.

11         I will allow plaintiff a chance to amend his complaint before recommending that this

12  action be dismissed.  Any amended complaint will supersede the current complaint.  *See Lacey v.*

13  *Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended

14  complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D.

15  Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves

16  any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need

17  to assert each claim and to allege each defendant's involvement in sufficient detail.  The amended

18  complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

19  If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

20         Accordingly, it is ORDERED that:

21         1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 6, is granted.

22         2. Within thirty days from the service of this order, plaintiff must either file an amended

23  complaint or advise the court he wishes stand by his current complaint.  If he selects the latter

24  option, I will recommend that this action be dismissed.

25         3. Failure to comply with this order may result in the dismissal of this action.

26         4. The clerk's office is directed to send plaintiff a complaint form.

27

28

IT IS SO ORDERED.

Dated:    September 8, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE